## KADE v BISIO

### Case No. 90-010AP

Eleventh Judicial Circuit, Dade County
June 28, 1991

**APPEARANCES OF COUNSEL**

**Paul M. Kade, Esquire,** for appellant.

**Carl Di Bernardo, Esquire,** for appellee.

Before KAHN, GREEN, B. SHAPIRO, JJ.

84

## OPINION OF THE COURT

B. SHAPIRO, J.

Appellee, Defendant below, was personally served with Appellant's Statement of Claim and Notice of Pretrial Conference on June 19, 1990 and subsequently failed to appear for said Pretrial Conference resulting in entry of a Default Final Judgment on July 6, 1990. Upon service of the Writ of Garnishment, Appellee, by letter to the Court denied having received any notice of the proceedings.

On October 10, 1990 an evidentiary hearing was held before Judge Swanko who in his Order of October 12, 1990 found good and sufficient service upon Appellee to allow the Court to obtain *in personam* jurisdiction over her. Appellee was afforded 30 days to notice a new hearing to vacate the Default Final Judgment on grounds other than defective service of process. There was no Motion for Rehearing or appeal from Judge Swanko's October 12th Order.

On November 8, 1990 Appellee filed a new Motion to Vacate Final Judgment without supporting affidavits and devoid of any legal excuse for her failure to appear at the pretrial hearing. Subsequent to a December 14, 1990 hearing Judge Roger A. Silver entered his Order of December 26, 1990 wherein he withheld ruling pending a rehearing on the issue of service of process.

It is well established that after the appeal time has passed, a successor Judge may not review and reverse the final orders and decrees of his predecessor. *Groover v Walker,* 88 So.2d 312 (Fla. 1956). Judge Silver is therefore precluded from rehearing the issue of service of process. Additionally, in that the new Motion was defective as described above it must be denied.

Accordingly, the Order of December 26, 1990 is reversed and this cause remanded to the lower Court with direction to deny the second Motion to Vacate Default Final Judgment with prejudice.

Reversed and Remanded.

Kahn and Green, JJ., concur.